18931. GARMON *et al. v.* CRAWFORD *et al.*

CANDLER, Justice. Article 8, section 5, paragraph 1, of the Constitution of 1945 was amended in 1954 by adding at the end thereof the following: "The County Board of Education of Gilmer County shall be composed of five members, who shall be elected by the people of said county. Not less than five nor more than ten days after the date of the ratification of this amendment, the Ordinary of Gilmer County shall issue a call for an election for the purpose of electing the members of the county board of education. . . The date and purpose of such election shall be published in the official organ of Gilmer County once a week for two weeks immediately preceding the date of the election. The five persons receiving the highest number of votes at said election shall take office January 1, 1955, and their terms shall expire December 31, 1958. . . The members of the board shall be elected from that portion of the county not embraced within the territory of an independent school district." At an election, which was called and held pursuant to the provisions of the amendment, the five persons receiving the highest number of votes were Hill Crawford, J. L. Henson, Jr., Anderson C. Holt, Grady G. Watkins and B. H. Ralston, and they were commissioned and inducted into office on January 1, 1955. H. B. Garmon and two others, alleging themselves to be citizens, taxpayers and voters of Gilmer County, instituted quo warranto against them to test the right of each to serve as a member of the Gilmer County Board of Education

and discharge the duties of such office. The petition alleges that the respondents, Crawford and Watkins, each reside in the 850th (Ellijay) Militia District of Gilmer County; that two members of a county board of education cannot be elected legally from the same militia district; and that since Anderson C. Holt received more votes in the election than did Grady G. Watkins, the election of all was therefore void, inoperative, and of no force and effect. The facts were stipulated and the only issue presented to the trial judge, who heard the case without the intervention of a jury, was whether or not the members of the Gilmer County Board of Education were legally elected and eligible to serve where two of them resided in the same militia district when elected, commissioned, and now. The trial judge found in favor of the respondents and refused to oust them from office. The relators excepted. *Held:*

As to Gilmer County, the provision of Code § 32-903 which declares that the grand jury in selecting the members of the county board of education shall not select any two of them from the same militia district or locality was unquestionably superseded by the above-quoted amendment to the Constitution of 1945. Under the plain and unambiguous provisions of the amendment, the people of Gilmer County may elect one, any or all of the members of the Gilmer County Board of Education from any portion of the county which is not embraced within the territory of an independent school district. This being true, the judgment complained of is not erroneous.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., absent on account of illness, and Head, J., who dissents.*

ARGUED APRIL 11, 1955—DECIDED MAY 9, 1955—REHEARING DENIED JUNE 15, 1955.

*William Butt, Herman J. Spence,* for plaintiff in error.

*Osborn L. Foster, P. T. McCutchen, Avary Dimmock, Jr.,* contra.